IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| TAMMY CHARLENE DAVIS, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-99 |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Antony Saragas ("the ALJ" or "ALJ Saragas") denying her claim for Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision. Docs. 16, 20. Defendant asserts the Commissioner's decision should be affirmed. Doc. 17. For the reasons which follow, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income on September 5, 2017, alleging an onset date of September 5, 2017. R. 28.[1] On June 6, 2019, ALJ Saragas held a

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Numbers 12-1 through 12-8. Although the transcript is broken into multiple PDF documents, each with its own CM/ECF docketing number, the transcript bears individual page numbers that run sequentially through the entire transcript. Record citations in this Report (identified with "R.") are to the individual transcript page numbers. For efficiency, no reference to the CM/ECF docketing number or the respective PDF page numbers is provided here.

hearing at which Plaintiff, who was represented by counsel, appeared and testified. Id. Renee Giedl, a vocational expert, also appeared at the hearing. Id. ALJ Saragas denied Plaintiff's claim for disability after the hearing in a decision issued on August 28, 2019. R. 28–40. The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1.

Plaintiff, born on March 3, 1973, was 44 years old at the time of the alleged onset date and 47 years old at the time of the ALJ's decision in 2019. R. 38. She has at least a high school education and no past relevant work experience. R. 39.

## DISCUSSION

### I. The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied.

2

Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since her alleged onset date, September 5, 2017. R. 30. At step two, ALJ Saragas determined Plaintiff has the following severe impairments: cervical spine

degenerative disc disease; lumbar spine degenerative disc disease status post lumbar surgery; peripheral neuropathy; gastroesophageal reflux syndrome status post cholecystectomy; migraine headaches; generalized anxiety disorder; panic disorder; major depressive disorder; post-traumatic stress disorder; and personality disorder. R. 30. The ALJ also determined Plaintiff has several non-severe medical impairments, including: bilateral ear infection and hearing loss; tobacco use disorder; skin abrasion; mild bilateral carpal tunnel syndrome; status post polypectomy; status post hysterectomy; cystocele; history of heart attack; and chronic obstructive pulmonary disease. R. 31. At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of a listed impairment. Id. The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform work at the sedentary exertional level with the following exceptions: frequent balancing; occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; no climbing of ladders, ropes, and scaffolds; no ambulation on uneven terrain; no commercial driving; occasional use of foot controls with the bilateral lower extremities; occasional bilateral overhead reaching; no exposure to workplace hazards such as unprotected heights or moving mechanical parts; occasional exposure to vibration and pulmonary irritants; no more than 15 minutes of uninterrupted standing/walking and no more than 20 minutes of uninterrupted sitting without the opportunity to change position; limited to occasional interaction with co-workers, supervisors, and the public; and she cannot perform assembly line, fast-paced, high-production quota work. R. 33–34. At the next step, the ALJ noted Plaintiff is unable to perform any past relevant work. R. 38. The ALJ concluded at the fifth and final step Plaintiff could perform jobs such as lens inserter, document preparer, and printed circuit board screener, all of which exist in significant numbers in the national economy. R. 39.

**II.     Issue Presented**

Plaintiff asserts the ALJ erred because: (1) his reasons for giving Dr. Agarwal's opinion only partial weight are not supported by substantial evidence; and (2) his reasons for rejecting Plaintiff's subjective complaints of pain are not supported by substantial evidence.[2]  Doc. 16 at 4.

**III.    Standard of Review**

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence.  Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved.  The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007).  The substantial evidence standard requires more than a

---

[2]     Plaintiff filed a Notice of Supplemental Authority, which points to Collins v. Yellen, 141 S. Ct. 1761 (2021), and includes an Office of Legal Counsel Memorandum concerning the constitutionality of statutory restrictions on the President's ability to remove the Social Security Administration Commissioner from that position.  Doc. 18; Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __ (July 8, 2021).  Plaintiff states this authority bears on "the constitutionality of the Commissioner's decision" in this case.  Doc. 17.  It is unclear why Plaintiff filed this Notice of Supplemental Authority.  Neither party raised any issue concerning the constitutionality of the Commissioner's appointment or decision in the briefing.  Plaintiff's Notice fails to take any position or advance any argument, simply observing the authority is related to the constitutionality of the Commissioner's decision.  Having reviewed the provided authority, I cannot discern how the authority is germane to any of the issues presented in this case.  Accordingly, I do not address Plaintiff's Notice of Supplemental Authority any further.

scintilla but less than a preponderance of evidence.  Dyer, 395 F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards.  Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification.  Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

**IV.    Whether the ALJ Erred by Not Providing Reasons Supported by Substantial Evidence for the Persuasiveness He Assigned Medical Opinion Evidence**

Plaintiff argues the ALJ's findings are not supported by substantial evidence because the reasons ALJ Saragas gave for finding Dr. Agarwal's opinion only partially persuasive misstates the doctor's finding.  Doc. 16 at 11–12; Doc. 20 at 2–4.  On the other hand, Defendant argues the ALJ accurately assessed Dr. Agarwal's opinion.  Doc. 17.  Defendant asserts the ALJ's reading is supported by substantial evidence, including Dr. Agarwal's own observations, and because ALJ Saragas' reading is reasonable, his interpretation is entitled to deference.  Id.

**A.    Legal Standard**

An ALJ considering medical opinions "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)."  20 C.F.R. § 416.920c(a);

6

see Works v. Saul, No 4:19-CV-1515, 2021 WL 690126, at *15, 24 (N.D. Ala. Feb. 23, 2021).[3] Instead, "when evaluat[ing] the persuasiveness of medical opinions," the ALJ "will consider those medical opinions . . . using the factors listed . . . the most important factors . . . [being] supportability . . . and consistency." 20 C.F.R. § 416.920c(b)(2) (the listed factors also include relationship between the source and the claimant, the source's specialization, and "other factors"). The controlling Regulation provides some guidance to ALJs on the "supportability" and "consistency" factors. 20 C.F.R. § 416.920c(c)(1)–(2). "Supportability" is a measure of how much a medical opinion is supported by objective medical evidence and explanations provided by the medical source giving the opinion. See 20 C.F.R. § 416.920c(c)(1). "Consistency" is a measure of how consistent the medical opinion is with evidence from other sources (medical and nonmedical). See 20 C.F.R. § 416.920c(c)(2). Opinions that have a high degree of "supportability" and "consistency" should be treated as more persuasive. 20 C.F.R. § 416.920c(c)(1)–(2).

The ALJ must articulate how supportability and consistency "were considered for a medical sources opinion, but an ALJ is not required to articulate consideration of the remaining factors." Anthony v. Kijakazi, CV 120-110, 2021 WL 4304725, at *3 (S.D. Ga. Sept. 3, 2021) (citing 20 C.F.R. § 416.920c(b)(2) and Uresi v. Comm'r of Soc. Sec., No. 2:20-CV-367, 2021 WL 2644549, at *4 (M.D. Fla. June 28, 2021)). The ALJ must "provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." Works, 2021 WL 690126 at *15 (quoting

---

[3] On January 18, 2017, the Social Security Administration substantially revised the Regulations governing how the Commissioner considers medical evidence, including medical opinions. See 82 Fed. Reg. 5844 (Jan. 18, 2017); 82 Fed. Reg. 15,132 (Mar. 27, 2017). Those revisions apply to claims filed on or after March 27, 2017, and are, therefore, applicable in this case. Compare 20 C.F.R. § 416.920c (applicable to claims filed on or after on or after March 27, 2017) with 20 C.F.R. § 416.927 (applicable to claims filed before March 27, 2017).

Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)); see Jackson v. Soc. Sec. Admin., Comm'r, 779 F. App'x 681, 684 (11th Cir. 2019). While an ALJ can perform a single analysis for a medical source who provides multiple medical opinions, he must still discuss supportability and consistency in the analysis. 20 C.F.R. § 416.920c(b)(1). As with all conclusions, the ALJ's conclusions regarding medical source opinions must be supported by substantial evidence in the record. Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1320 (11th Cir. 2021) (citing Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)).[4]

### B. Analysis

Dr. Agarwal opined in a normal eight-hour workday, Plaintiff would be able to "sit, stand, walk up to 4 hours with period[s] of rest and weights of 5lbs." R. 583. The ALJ found Dr. Agarwal's opinion only partially persuasive because:

> [T]he objective clinical examination findings, and imaging and diagnostic studies, of record support that the claimant would not be able to walk four hours in an eight-hour workday; and the claimant's cervical spine imaging and diagnostic studies, and examination findings, do not support that [she] would be limited to lifting only five pounds.

R. 37. ALJ Saragas' reasoning is problematic. ALJ Saragas misstates the record and ignores the reasoning behind Dr. Agarwal's opinion. Further, the record evidence ALJ Saragas relies on is inconsistent. Consequently, it is not clear which parts of the record that ALJ Saragas cites support his conclusions regarding the persuasiveness of Dr. Agarwal's opinions. Because of

---

[4] In revising the regulations to remove the treating source rule, the Social Security Administration explained, "[U]nder the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether *substantial evidence* supports our final decision[.]" Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (emphasis added). Accordingly, nothing in the revised regulations alters the requirement the ALJ's decisions be supported by substantial evidence.

these problems with ALJ Saragas' evaluation of Dr. Agarwal's opinion, the Court cannot conclude ALJ Saragas' decision to find the opinion partially persuasive is supported by substantial evidence.

The ALJ's articulation regarding supportability and consistency related to Dr. Agarwal's opinion on how much Plaintiff can lift is not supported by substantial evidence. ALJ Saragas stated Dr. Agarwal's opinion was only partially persuasive because Plaintiff's cervical spine imaging and diagnostic studies and examination findings do not support a five-pound lifting limitation. R. 37. This observation is irrelevant to whether to Dr. Agarwal's opinion is irrelevant because Dr. Agarwal did not limit Plaintiff to lifting five pounds because of her back problems. Instead, Dr. Agarwal clearly attributed the lifting limitation to Plaintiff's prolapsed uterus. R. 583.

The ALJ never indicated whether Dr. Agarwal's conclusion that Plaintiff's uterine prolapse restricts her from lifting more than five pounds was consistent or supported, as those terms are used in § 416.920c(c). In fact, ALJ Saragas entirely ignores this reason given by Dr. Agarwal. ALJ Saragas' stated justification for finding Dr. Agarwal's opinion inconsistent and unsupported cannot provide substantial evidence because it is irrelevant to the reasons Dr. Agarwal provided. Put differently, Dr. Agarwal concluded Plaintiff could only lift five pounds because of her uterine prolapse, R. 583, but the ALJ discounts this opinion because Plaintiff's cervical spine impairment would not cause that limitation, R. 37. Thus, ALJ Saragas' conclusions are not supported by substantial evidence. Ritter v. Comm'r of Soc. Sec., No. 6:17-cv-491, 2018 WL 794786, at *3–4 (M.D. Fla. Jan. 19, 2019); Williams v. Comm'r of Soc. Sec., No. 6:18-cv-350, 2019 WL 957885, at *4 (M.D. Fla. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 952309 (M.D. Fla. Feb. 27, 2019).

The ALJ cites several medical records to support his decision to find Dr. Agarwal's lifting opinion unpersuasive, but the ALJ's citations do not provide an adequate explanation for his decision. ALJ Saragas states, "[T]he claimant's cervical spine imaging and diagnostic studies, and examination findings, do not support that [s]he would be limited to lifting only five pounds." R. 37. The ALJ then cites to several medical records but provides no explanation about why the records are cited. Id. (citing R. 442, 511, 517, 520, 651–52, 664–67, 673–76, 826, 829, 889–90, 895, 963, 974, 979, 985, 998, 1005, 1010, 1021). Presumably, the cited medical records are provided to justify the ALJ's conclusion on the persuasiveness of Dr. Agarwal's lifting opinion.

The undersigned has reviewed the records cited by the ALJ closely and cannot discern which of the records, if any, the ALJ actually relied on or how the records bear on the persuasiveness of Dr. Agarwal's conclusions. Where an ALJ fails to adequately articulate the basis for rejecting a medical opinion, such that a court cannot whether the conclusions are supported by substantial evidence, remand is appropriate. Stewart v. Comm'r of Soc. Sec. Admin., 746 F. App'x 851, 856 (11th Cir. 2018)[5] ("Without clearly articulated grounds for [rejecting a doctor's opinion], we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.") (quoting Winschel, 631 F.3d at 1179); Stroman v. Astrue, 08-22881-CV, 2009 WL 3669640, at *3 (S.D. Fla. Nov. 4, 2009) (holding ALJ failed to clearly articulate the reasons for rejecting treating physician's opinion when ALJ noted "opinion was contrary to other medical evidence, but did not specify what that evidence was" and noted

---

[5] The Court acknowledges Stewart dealt with an ALJ's articulated reasons for giving certain "weight" to a treating physician's opinion under prior Regulations and not persuasiveness under the Regulations governing this action. However, the governing Regulations still require the ALJ to "articulate" how medical opinions are considered. 20 C.F.R. § 416.920c. Therefore, the Court considers Stewart's analysis informative on what constitutes adequate articulation under the new Regulations.

the "opinion was inconsistent with [treating physician's] treatment notes but did not specify how that was the case"). Though the Eleventh Circuit has addressed the amount of detail required to satisfy the articulation requirement in § 416.920c(c), a reviewing court must, at a minimum, be able to understand the basis for an ALJ's conclusions. See, e.g., Poma v. Comm'r of Soc. Sec., Case No. 6:20-cv-931, 2021 WL 2554247, at *3 (M.D. Fla. June 22, 2021) (holding ALJ's persuasiveness determination of medical opinion was sufficient where ALJ adequately articulated the basis for determination, including citations to specific medical records that directly undermined the medical opinion in question). An ALJ errs if his written decision lacks enough information for the court to review the ALJ's findings to ensure the factual findings are based on substantial evidence See Cornelius, 936 F.2d at 1145–46.

Here, the ALJ failed to provide enough detail for this Court to understand the ALJ's conclusions. The records cited are often inconsistent, making it impossible to determine why the ALJ cited to a particular record. ALJ Saragas cites two nerve studies, one conducted on February 7, 2018, R. 664–67, and the other conducted on April 23, 2018, R. 673–76. R. 37. The February 7, 2018 nerve study shows "no evidence of radiculopathy," while the April 23, 2018 nerve study shows "chronic C5-6 radiculopathies on the left, mild in degree." R. 664, 674. ALJ Saragas fails to explain how these seemingly inconsistent nerve studies support his conclusions regarding Dr. Agarwal's opinions. See R. 37 (citing R. 664–67, 673–76). ALJ Saragas also cites various inconsistent progress notes. The ALJ cites progress notes from December 20, 2017, January 17, 2018, and February 22, 2018, which show a decreased range of motion and tenderness in the lumber spine, as well as muscle wasting, R. 963, 979, 985, but he also cites progress notes from January 10, 2018, and July 24, 2018, which show a normal range of motion and no muscle tenderness, R. 974, 1005. Compare also R. 998 (showing a decreased range of

motion in the lumber spine, as well as tenderness on June 8, 2018) with R. 1010 (showing a normal range of motion on August 7, 2018).  The ALJ provides no explanation how these progress notes—showing both a decreased range of motion in Plaintiff's back and a normal range of motion—support his conclusions regarding Dr. Agarwal's opinion.

The inconsistent medical records the ALJ cites coupled with the lack of any explanation about how the records support his position, makes it impossible for the Court to determine whether the ALJ's conclusion that Dr. Agarwal's opinion is only partially persuasive is supported by substantial evidence.  Kelley v. Colvin, No. 2:13cv18, 2014 WL 1410406, at *3 (M.D. Ala. Apr. 11, 2014) ("When there is a conflict, inconsistency, or ambiguity in the record, the ALJ has an obligation to resolve the conflict[.]"); Monte v. Astrue, No. 5:08-cv-101, 2009 WL 210720, at *6–7 (M.D. Fla. Jan. 28, 2009) (holding an "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision").

To be clear, the Court takes no stance on the correctness of Dr. Agarwal's opinions, and the Court is not suggesting the ALJ must, or should, find any of Dr. Agarwal's opinions persuasive to any particular degree.  Dyer, 395 F.3d at 1210 ("[The court] may not decide facts anew, reweigh the evidence, or substitute [the court's] judgment for that of the Commissioner."). Rather, if the ALJ discredits the opinion of the physician, he must provide an adequate explanation of the consistency and supportability of the opinion. See 20 C.F.R. §416.920c(b). Without an adequate explanation from the ALJ, the Court is unable to exercise meaningful judicial review.

Accordingly, I **RECOMMEND** the Court **REMAND** the case to the Commissioner for further consideration.  Given my recommendation, the Court declines to address Plaintiff's remaining enumeration of error.  However, the Court notes the parties disagree on the meaning

of Dr. Agarwal's ability to sit, walk, and stand during a workday.  Plaintiff contends the ALJ failed to address any sitting limitation as it relates to Plaintiff.  Plaintiff's ability to sit during the day appears to be a material issue as it bears on Plaintiff's RFC determination.  Thus, the ALJ should also consider explaining Plaintiff's ability to sit on remand during the workday on remand, though the Court declines to remand on that basis.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in a brief must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA